SIDLEY AUSTIN LLP

Lauren C. Freeman (SBN 324572)
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-772-1200
lfreeman@sidley.com

Benjamin M. Mundel (*pro hac vice*)
Madeleine Joseph (*pro hac vice*)
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736-8000
bmundel@sidley.com
mjoseph@sidley.com

*Counsel for Defendant Andrew Kurtzig*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>JUSTANSWER LLC, *et al.*<br><br>    Defendants. | Case No. 3:26-cv-00333-JD<br><br>**DEFENDANT ANDREW KURTZIG'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: January 13, 2026<br><br>Hearing Scheduled: September 3, 2026 |

i

**TABLE OF CONTENTS**

I.    THE COMPLAINT FAILS TO ADEQUATELY PLEAD THE KNOWLEDGE OF ILLEGALITY REQUIRED FOR CIVIL PENALTIES. ...................................................................1

    A.    The Statute Demands Knowledge Of Illegality, Not Mere Knowledge Of Consumer Confusion. ......................................................................................1

    B.    The Complaint Fails To Plead Knowledge Of Illegality. ....................................3

II.   THE COMPLAINT FAILS TO PLAUSIBLY PLEAD THAT KURTZIG IS PERSONALLY LIABLE. ...................................................................................................5

III.  THE COMPLAINT AGAINST KURTZIG FAILS BECAUSE IT DOES NOT PLEAD AN UNDERLYING CORPORATE VIOLATION. .........................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Rivers v. FERC,*
201 F.3d 1186 (9th Cir. 1999) ................................................................................3

*Bureau of Consumer Fin. Prot. v. Consumer Advoc. Ctr. Inc.*,
2020 WL 7774930 (C.D. Cal. Dec. 1, 2020) ..........................................................2

*Custom Commc'ns., Inc. v. FTC*,
142 F.4th 1060 (8th Cir. 2025) ..............................................................................4

*FTC v. Amazon.com, Inc.*,
735 F. Supp. 3d 1297 (W.D. Wash. 2024)...........................................................2, 6

*FTC v. Benning*,
2010 WL 2605178 (N.D. Cal. June 28, 2010) .......................................................6

*FTC v. Dave, Inc*.
2025 WL 2698698 (C.D. Cal. Sept. 12, 2025) ....................................................4, 7

*FTC v. Publ'g Clearing House, Inc.*,
104 F.3d 1168 (9th Cir. 1997) ...............................................................................4

*FTC v. Quincy Bioscience Holding Co.*
389 F. Supp. 3d 211 (S.D.N.Y. 2019).....................................................................5

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,*
559 U.S. 573 (2010)............................................................................................1, 2

*McDonnell v. United States*,
579 U.S. 550 (2016)................................................................................................3

*NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*,
305 F. Supp. 3d 1065 (N.D. Cal. 2018) ..................................................................6

*Russello v. United States*,
464 U.S. 16 (1983)..................................................................................................2

*United States v. Adobe*
791 F.Supp. 3d 966 (N.D. Cal 2025) ......................................................................4

*United States v. Stratics Networks Inc.*,
721 F. Supp. 3d 1080 (S.D. Cal. 2024)................................................................3, 4

*Walsh v. Kindred Healthcare*,
798 F. Supp. 2d 1073 (N.D. Cal. 2011) ..................................................................6

DEFENDANT KURTZIG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-00333-JD

**Statutes**

12 U.S.C. § 5565(c)(2).................................................................................................................2

15 U.S.C. § 45(m)(1)(A).....................................................................................................1, 2, 3

15 U.S.C. § 57b.............................................................................................................................2

15 U.S.C. § 8403..........................................................................................................................3

**Other Authorities**

88 Fed. Reg. 24716 (Apr. 24, 2023) .......................................................................................1, 4

90 Fed. Reg. 5580 (Jan. 17, 2025) ...........................................................................................1

DEFENDANT KURTZIG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-00333-JD

**INTRODUCTION**

The FTC's opposition confirms the central defects in its claims against Andrew Kurtzig.

*Civil penalties*.  Congress required the FTC to show that Kurtzig had "actual knowledge" or "knowledge fairly implied on the basis of objective circumstances" that his conduct was "unfair or deceptive" *and* "prohibited by [ROSCA]."  15 U.S.C. § 45(m)(1)(A).  And a defendant acting on a "mistaken interpretation" of what the law requires cannot owe penalties.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 584 (2010).  The Complaint fails to plead knowledge of illegality under these standards.  *At most*, it alleges Kurtzig's awareness that a subset of consumers were confused by JustAnswer's pricing disclosures.  That is not the same as knowledge of a ROSCA violation— especially because the agency itself has admitted that ROSCA's standards "do[] not provide clarity about how to avoid deceptive negative option disclosures and procedures."  88 Fed. Reg. 24716, 24718 (Apr. 24, 2023).

*Individual liability*.  To hold Kurtzig individually liable, the FTC must do more than just allege that JustAnswer violated the law.  It must also plausibly allege that Kurtzig controlled or directly participated in the illegal conduct.  This Complaint does not.  As the FTC's own opposition confirms, a defendant who "only reviewed, but did not direct or design" challenged practices is not liable.  FTC Opp. 6 (citing *FTC v. Quincy Bioscience Holding Co.*, 389 F. Supp. 3d 211, 221 (S.D.N.Y. 2019).  The Complaint here pleads review, not direction and control:  It alleges that Kurtzig reviewed consumer complaints and consumer research, but not that he designed, directed, or implemented the challenged flows.  Even if the claims against JustAnswer survive, the claims against Kurtzig should be dismissed.

**ARGUMENT**

**I.    The Complaint Fails To Adequately Plead The Knowledge Of Illegality Required For Civil Penalties.**

**A.    The Statute Demands Knowledge Of Illegality, Not Mere Knowledge Of Consumer Confusion.**

The FTC seeks civil penalties of up to $53,088 "for *each* violation of ROSCA."  *See* Compl., Prayer for Relief (emphasis added); *see also Adjustments to Civil Penalties Amounts*, 90 Fed. Reg. 5580,

1

5580 (Jan. 17, 2025). And the FTC believes (wrongly) that a violation occurs "each time [a company] charged a consumer in violation of ROSCA." Dkt. 354, FTC Opp. to Pltfs.' Mot. for Summary Judgment at 56, *FTC v. Amazon.com, Inc.*, 23-cv-932 (W.D. Wash.). Congress reserved penalties of such magnitude for only the most culpable defendants.

Specifically, the statute requires "actual knowledge or knowledge fairly implied on the basis of objective circumstances" that the conduct was both "unfair or deceptive" *and* "prohibited by such rule." 15 U.S.C. § 45(m)(1)(A). And those who acted based on a "mistaken interpretation" of the law should not be liable. *Jerman*, 559 U.S. at 584; *see id.* at 630 (Kennedy, J., dissenting) ("[T]here is no doubt that § 45(m)(1)(A) permits a mistake-of-law defense.").

The FTC all but ignores this statutory language. Instead, it attempts to dilute the standard—in ways incompatible with the statutory text.

First, the FTC suggests that it need only show Kurtzig was on "notice" that ROSCA applied to the conduct at issue. FTC Opp. at 9–10. But the statutory text plainly requires more than mere awareness that ROSCA existed or applied.

Second, the "reasonable person" standard the FTC urges (FTC Opp. at 9) also is not what Congress adopted. When Congress wanted the FTC to adhere to a "reasonable person" standard, Congress said so expressly. *See* 15 U.S.C. § 57b (FTC Act provision authorizing relief for violation of a cease-and-desist order if "the act or practice to which [it] relates is one which a *reasonable man would have known* under the circumstances was dishonest or fraudulent" (emphasis added)).[1] It did not say so here. And "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972). The

---

[1] To give another example from outside the FTC Act, the Consumer Financial Protection Act establishes tiered civil penalties, with lower penalties for reckless conduct and substantially higher penalties for knowing violations. 12 U.S.C. § 5565(c)(2). Relying on interpretations of the FTC Act provision at issue here, courts interpreting the Consumer Financial Protection Act scheme have explained that "knowledge" requires actual awareness or knowledge fairly implied. *Bureau of Consumer Fin. Prot. v. Consumer Advoc. Ctr. Inc.*, 2020 WL 7774930, *6 (C.D. Cal. Dec. 1, 2020). The lower recklessness standard, by contrast, covers conduct undertaken with an "unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* The FTC's position here collapses these distinct knowledge and recklessness standards, and rewrites the FTC Act in the process.

DEFENDANT KURTZIG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-00333-JD

district court cases the FTC cites in support of its "reasonable person" standard change nothing.  They trace to a case paraphrasing legislative history.  *See* FTC Opp. at 9–10; *see, e.g.*, *FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1332 (W.D. Wash. 2024) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996) (citing S. Rep. No. 93-1408, at 40 (1974), as reprinted in 1974 U.S.C.C.A.N. 7755, 7772)).  And "legislative history—no matter how clear—can't override statutory text." *Am. Rivers v. FERC*, 201 F.3d 1186, 1204 (9th Cir. 1999)(quoting *Hearn v. Western Conference of Teamsters Pension Trust Fund*, 68 F.3d 301, 304 (9th Cir. 1995).

In short, the FTC asks the Court to replace the statutory standard with something lower.  The Court should reject that approach and apply the standard Congress enacted.

### B.      The Complaint Fails To Plead Knowledge Of Illegality.

Applying the statutory text, dismissal of the demand for civil penalties is required.  At most, the FTC's allegations establish awareness of consumer confusion, and knowledge of confusion is not the same as knowledge of a ROSCA violation.  Put differently, the Complaint repeatedly alleges that consumers were confused, surprised, or dissatisfied.  For example, the Complaint relies on an employee report that the purchase disclosures "lead[] to a lot of confusion with our customers," due in part to the supposedly "small" size of the membership charge disclosure.  Compl. ¶ 75.  The Complaint does not allege that any employee, consumer, regulator, or outside evaluator told Kurtzig that JustAnswer's practices violated ROSCA.  Nor does it plausibly allege that knowledge of ROSCA violations can be "fairly implied" from the relevant "objective circumstances."

Attempting to show knowledge of illegality, the opposition primarily relies on allegations that (i) JustAnswer received consumer complaints; (ii) Kurtzig was aware of those complaints; and (ii) Kurtzig was involved in website testing and consumer research, after which "JustAnswer and Kurtzig chose to move forward" with certain challenged designs.  Compl. ¶¶ 72; 17.  Even if these allegations could give rise to an inference that Kurtzig knew consumers may have been misled, *see* FTC Opp. at 11, that is not enough.[2]  Section 5(m)(1)(A) requires that the FTC establish *both* knowledge that an act "is unfair or

---

[2] The Complaint's allegation Kurtzig received some customer complaints directly and then "forwarded those complaints to customer service" changes nothing.  Compl. ¶ 56.  That is still merely an allegation about knowledge of the content of consumer complaints, not about knowledge of illegality.

DEFENDANT KURTZIG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-00333-JD

deceptive" *and* knowledge that the act "is prohibited by [ROSCA]." 15 U.S.C. § 45(m)(1)(A).  If knowledge of confusion or deception alone sufficed, the second requirement would be rendered superfluous.  *See McDonnell v. United States*, 579 U.S. 550, 569 (2016) (adopting statutory reading because it "comports with the presumption that statutory language is not superfluous" (internal quotation marks omitted)).

The FTC cannot close the gap between knowledge of deception and knowledge of illegality by pointing to JustAnswer's access to legal counsel or receipt of a Civil Investigative Demand.  *See* FTC Opp. at 11.  As explained in Kurtzig's motion to dismiss (at 7), neither suffices:  "[T]he retention of counsel does not show a party knew its conduct was prohibited." United *States v. Stratics Networks Inc.*, 721 F. Supp. 3d 1080, 1101 (S.D. Cal. 2024).  And an investigative demand reflects only that the FTC is investigating, not unlawfulness or knowledge of unlawfulness.

This gap is particularly difficult to close here, because the alleged violation turns on indeterminate standards. The FTC's theory rests on whether JustAnswer's disclosures were sufficiently "clear[] and conspicuous[]" and whether consumer consent was sufficiently "express" or "informed." 15 U.S.C. § 8403(1)–(2).  But the agency itself has acknowledged that the current legal framework, including those standards, "does not provide clarity." 88 Fed. Reg. at 24,718.[3]  The FTC's footnote rejoinder—that "no court has ever found ROSCA to be ambiguous, and the FTC has never said it is either," FTC Opp. at 11 n.7—misses the point.  The question is not whether a court or agency has used the label "ambiguous"; it is whether ROSCA's standards are sufficiently clear to support an inference based on this Complaint that Kurtzig knew his conduct was unlawful.  Where the alleged violation turns on such indeterminate standards, knowledge of illegality by any individual defendant cannot plausibly be inferred from consumer confusion, the mere presence of lawyers, and an eventual FTC investigation.

Finally, the FTC's own cases highlight the deficiencies in its allegations here.  *See* FTC Opp. at 11.  In *Stratics*, defendants "received consumer complaints alleging violations of [the] federal telemarking regulations" at issue.  721 F. Supp. 3d at 1101.  And in *United States v. Adobe*, the complaint alleged that

---

[3] The agency's recent rulemaking effort to provide that clarity, the Click-to-Cancel Rule, was vacated based on the FTC's failure to follow procedural requirements. *See Custom Commc'ns., Inc. v. FTC*, 142 F.4th 1060 (8th Cir. 2025).

DEFENDANT KURTZIG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-00333-JD

an "outside report" about Adobe's practices "specifically referenced ROSCA and explained how Adobe's practices—including insufficient disclosures and deceptive enrollment flow features that hid critical information—appeared to violate ROSCA."  791 F. Supp. 3d 966, 989 (N.D. Cal 2025).  Here, there are no comparable allegations like this about third parties alerting Kurtzig to any purported ROSCA violation.

Nor does *FTC v. Dave, Inc.*, 2025 WL 2698698 (C.D. Cal. Sept. 12, 2025) help the FTC.  To start, *Dave* applies the diluted "notice" standard that cannot be reconciled with the statutory language.  *See supra* Part I.A.  Beyond this, *Dave* involved allegations of direct executive involvement in obvious fraud.  There, the CEO allegedly "implemented and controlled the design of" a web feature that misled consumers into believing that "tips" funded children's meals when they did not.  *Id.* at *5, 19.  The Complaint here alleges nothing similar.

Personal financial liability against JustAnswer's CEO is unwarranted.

## II.    The Complaint Fails To Plausibly Plead That Kurtzig Is Personally Liable.

Apart from the defects in the FTC's penalties allegations, the claims against Kurtzig fail because the Complaint does not plausibly allege individual liability.  Kurtzig cannot be liable for JustAnswer's alleged violations unless the FTC adequately pleads that he had authority to control the alleged violations or participated directly in them.  *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997).  The Complaint plausibly pleads neither.

As the FTC's own motion recognizes, an executive who "only reviewed, but did not direct or design" the challenged practices is not individually liable.  FTC Opp. at 6 (discussing *Quincy Bioscience*, 389 F. Supp. 3d 211).  As the FTC explains, in *Quincy Bioscience*, "the court dismissed the complaint against one individual defendant where he only reviewed, but did not direct or design, the company's advertising," while allowing claims against another defendant to proceed because he served as the "final decision maker" on advertising claims  and authored significant marketing copy.  389 F. Supp. 3d. at 220 (quoting FTC's Complaint); *see also* FTC Opp. at 6.  Similarly, citing *FTC v. Ross*, 897 F. Supp. 2d 369, 382–83 (D. Md. 2012), the FTC explains that control can be demonstrated by "an individual's ability to review and approve advertisements" and "direct participation can be demonstrated through evidence that the defendant developed or created, reviewed, altered and disseminated the deceptive marketing materials."  FTC Opp. at 5 (quoting *Ross*, 897 F. Supp. 2d at 382–83).  These cases demonstrate that

awareness of the challenged conduct, even if combined with review of aspects of that conduct, is not the same as direct participation in or control over the development of the challenged practices.

Here, the Complaint—at most—plausibly alleges that Kurtzig was aware of consumer complaints and involved in evaluating the user experience. It does not plausibly allege that he personally designed, directed, implemented, or even approved the specific disclosures or flow features the FTC challenges. The FTC's opposition asserts that the Complaint alleges more, *see* FTC Opp. at 4–6, but that assertion is not borne out by the Complaint's well-pled allegations.

First, the FTC relies on allegations that Kurtzig (i) reviewed consumer complaints and employee presentations about those complaints; and (ii) requested and reviewed consumer research and website testing. *See* FTC Opp. at 5; *see also* Compl. ¶¶ 17, 60–63, 66–67, 71–75. But reviewing consumer complaints and user experience research is not the same as controlling or directly participating in website design and implementation. Not to mention, if anything, asking for consumer research is a consumer friendly practice; it should not be transformed into a basis for personal liability.

Second, the FTC invokes the Complaint's conclusory allegation that "Kurtzig has directly participated in the unlawful acts and practices set forth in this Complaint including, among other things . . . reviewing, approving, or declining proposed changes to the content of the JustAnswer website, including all text related to the descriptions and cost of the service."[4] Compl. ¶ 16; FTC Opp. at 4. "Naked assertions" like this that parrot the legal standard and are "devoid of further factual enhancement are insufficient to state a claim." *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 305 F. Supp. 3d 1065, 1074 (N.D. Cal. 2018) (cleaned up); *see also, e.g.*, *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1084 n. 5 (N.D. Cal. 2011) ("[C]ourts are not bound to accept as true conclusory allegations of law or legal conclusions couched as a factual allegation." (citation omitted)).

Finally, the FTC points to an allegation that Kurtzig participated in website testing and marketing research, and that next "JustAnswer and Kurtzig chose to move forward" with the challenged pricing disclosure. Compl. ¶ 72; *see also* FTC Opp. at 6; *see also* Compl. ¶ 67. But this vague allegation of

---

[4] The FTC wrongly accuses Kurtzig's motion of "selectively paraphrasing or quoting" the Complaint's allegations. FTC Opp. at 5 n.4. Kurtzig's motion succinctly described the Complaint's allegations, without quoting material that was then under seal.

DEFENDANT KURTZIG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-00333-JD

collective action is insufficient, especially under Rule 9(b) (which indisputably applies at least to the FTC Act Count).  *See* Kurtzig Mot. at 3; FTC Opp. at 2.  This allegation does not provide facts demonstrating that Kurtzig designed the flow, drafted the challenged disclosures, or even that he personally (as opposed to others at the company) approved or directed the implementation of the challenged flow.

The contrast with the FTC's principal case, *FTC v. Amazon.com, Inc*., 735 F. Supp. 3d at 1328–29, is telling.  *See* FTC Opp. at 5–6.  There, the FTC sued Amazon and three executives for ROSCA violations.  To establish individual liability, the complaint contained sixteen dedicated paragraphs of allegations that detailed each individual defendant's control over and direct involvement in challenged decisions about enrollment in and cancellation of Prime.  *See* Dkt. 67, Am. Compl. ¶¶ 12–27 *FTC v. Amazon.com, Inc.*, 23-cv-932 (W.D. Wash.).  Across those paragraphs and the rest of the complaint, the FTC offered specific facts about memos, emails, and meetings—all demonstrating that the individual defendants participated in multiple decisions about the challenged flows and directly oversaw other employees who worked on relevant web designs.  *See e.g.*, *id.* ¶¶ 16, 21, 25, 204–08; 213–17, 222, 225.  This Complaint contains nothing comparable.

The FTC's other cases are likewise distinguishable.  *Adobe*, 791 F. Supp. 3d 966, did not involve a motion to dismiss the claims against the individual defendants.  In *FTC v. Benning*, 2010 WL 2605178, at *6 (N.D. Cal. June 28, 2010), the amended complaint relied on specific email exchanges in which the defendant "clearly demonstrate[d]" that he "believed he had complete authority over [the company's] operations."  And the complaint in *Dave*, as already discussed, alleged not only that the individual defendant had viewed customer complaints and "declined to adopt recommendations" but also that he "implemented and controlled the design of" an obviously fraudulent feature of the website.  *Dave*, 2025 WL 2698698, at *19.

Because the Complaint has not plead individual liability, the claims against Kurtzig should be dismissed.

## III.   THE COMPLAINT AGAINST KURTZIG FAILS BECAUSE IT DOES NOT PLEAD AN UNDERLYING CORPORATE VIOLATION.

Independent of the flaws already discussed, the Complaint fails because it does not plausibly plead

7

that JustAnswer violated the law.  That is so for the reasons outlined in JustAnswer's reply in support of its motion to dismiss, which Kurtzig joins.

## CONCLUSION

The Court should dismiss the claims against Kurtzig with prejudice.

Respectfully submitted,

Dated: May 11, 2026

SIDLEY AUSTIN LLP

By:    */s/ Lauren C. Freeman*
Lauren C. Freeman

Lauren C. Freeman (SBN 324572)
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-772-1200
lfreeman@sidley.com

Benjamin M. Mundel (*pro hac vice*)
Madeleine Joseph (*pro hac vice*)
1501 K Street NW
Washington, DC 20005
(202) 736-8000
bmundel@sidley.com
mjoseph@sidley.com

*Counsel for Defendant Andrew Kurtzig*

DEFENDANT KURTZIG'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-00333-JD