MANATT, PHELPS & PHILLIPS, LLP
Kevin P. Dwight (Bar No. CA 239476)
KDwight@Manatt.com
203 Redwood Shores Pkwy, Suite 125
Redwood City, CA 94065
Telephone:     (650) 812-1300
Facsimile:      (650) 213-0260

MANATT, PHELPS & PHILLIPS, LLP
Bezalel Stern (Bar No. DC 1025745) (admitted *pro hac vice*)
BStern@Manatt.com
Joshua N. Drian (Bar No. DC 1009917) (admitted *pro hac vice*)
JDrian@Manatt.com
1050 Connecticut Ave. NW, Suite 600
Washington, D.C. 20036
Telephone:     (202) 585-6500
Facsimile:      (202) 585-6600

*Counsel for Defendant JustAnswer LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>JUSTANSWER LLC, *et al.*,<br><br>                    Defendants. | Case No. 3:26-cv-00333-JD<br><br>**JUSTANSWER LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed concurrently with Defendant JustAnswer LLC's Reply in Support of Motion to Dismiss]<br><br>Motion Hearing: September 3, 2026<br>Time: 11:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Judge James Donato |

DEFENDANT JUSTANSWER LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 3:26-cv-00333-JD

404690552.6

In its Opposition to JustAnswer's Request for Judicial Notice ("RJN Opp."), the FTC concedes that judicial notice is proper for evidence that is "both not subject to dispute and relevant." (RJN Opp. at 1.) The FTC further concedes that it "does not dispute the authenticity of the Pricing Page screenshots," thereby conceding that such evidence is not "subject to reasonable dispute." (*Id.*) Fed. R. Evid. 201(b).[1] Yet despite recognizing that the accuracy of these JustAnswer Pricing Pages "cannot reasonably be questioned," Fed. R. Evid. 201(b), the FTC argues the Court should not consider them, because they are "irrelevant to the Complaint and Motion to Dismiss the Complaint." (RJN Opp. at 1.) This is incorrect.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See also Blye v. Cal. Sup. Ct.*, 2014 WL 295022, at *2 (N.D. Cal. 2014) (evaluating whether facts sought to be judicially noticed were relevant under Fed. R. Evid. 401). **"This is a 'low bar.'"** *Yammine v. Toolbox for HR Spolka Z Ograniczona Odpowiedzialnoscia Spolka Komandytowa*, 2025 WL 957825, at *2 (9th Cir. 2025) (quoting *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021)) (emphasis added).

Here, the relevance threshold is easily met. JustAnswer seeks judicial notice of two versions of its Pricing Page available to consumers in December 2022 and August 2025, during the time period at issue in the FTC's Complaint. These webpages provide customers with additional information concerning JustAnswer's pricing and membership, including the specific monthly prices for the different experts available on JustAnswer's platform. (ECF Nos. 35-2; 35-3.) They also include "Pricing FAQ," which provide further information concerning JustAnswer's pricing, charges, and membership. (*Id.*) As set forth in JustAnswer's Opening Brief and RJN, these (undisputed) facts are directly relevant to the FTC's core allegations—that JustAnswer "deceives" customers on its website in connection with its pricing and membership (Compl. ¶ 3) and fails to clearly and conspicuously disclose "material terms of the transaction," including the membership price. (*Id.* ¶ 93.) These webpages show one of the ***multiple*** ways JustAnswer provides important information concerning its membership and pricing to customers,

---

[1] This Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* ECF No. 35 ("RJN") at 1-2.

DEFENDANT JUSTANSWER LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 3:26-cv-00333-JD

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
REDWOOD CITY, CA

404690552.6

thereby directly rebutting the FTC's allegations. (ECF Nos. 35-2; 35-3.) Webpages with a much more tangential connection to claims have been found subject to judicial notice. *See Sears v. Cnty. of Monterey*, 2013 WL 4510672, at *5 (N.D. Cal. 2013) (finding challenged website pages "relevant" and subject to judicial notice, even if they might be of "limited relevance").

In response, the FTC argues that only JustAnswer's "search ad purchase flow" is at issue, not its "'webpages' writ large." (RJN Opp. at 2.) But the FTC's allegations and arguments in its Opposition to JustAnswer's Motion to Dismiss are not so narrow. In its Opposition, the FTC argues that the Court must "review . . . a disclosure in the context of other pricing claims made to consumers because they affect whether and how a consumer sees or understands a disclosure." (Opp. at 11 n.8.) JustAnswer's Pricing Pages are precisely this sort of "other pricing claims" that consumers have available to them as they decide whether or not to join JustAnswer. They are readily available on JustAnswer's website and answer a variety of pricing or membership questions that potential consumers may have. (ECF Nos. 35-2; 35-3.) The FTC cannot argue that JustAnswer's disclosures must be viewed in the context of other messaging JustAnswer provides to customers while, at the same time, ignoring the full scope of the pricing and membership information provided.[2] JustAnswer presents its pricing and membership information to potential customers in a variety of different ways. The FTC cannot avoid this important "context," simply because it rebuts the FTC's carefully crafted narrative.

Similarly, in its own Motion to Dismiss, JustAnswer affirmatively argues that it clearly explains its membership and pricing structure in multiple places on its website, and that JustAnswer primarily sells just one product—a membership service. (*See* Motion § II.A.2.) This is important context, which makes consumers more likely to notice and understand JustAnswer's pricing and membership disclosures, and it helps to explain why JustAnswer complies with both ROSCA and the FTC Act. (*See id.*) The FTC has directly put at issue what customers see when they go to JustAnswer's website and consider whether to sign up for its service. The Court should be able to review the full scope of what

---

[2] The FTC argues that customers do not see this information. (RJN Opp. at 2.) But at the same time, the FTC admits that a link to this page is available on its landing pages (*see id.*), and the attachments themselves show that the pages are easily available from JustAnswer's website through the "Pricing" tab at the top of the page. (ECF Nos. 35-2; 35-3.) Regardless, this is a merits-based argument that does not implicate whether the webpages are "relevant" under Rule 401. *See Sears*, 2013 WL 4510672, at *5.

2

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
REDWOOD CITY, CA

404690552.6

JustAnswer provides to customers in evaluating what a reasonable consumer sees and understands for purposes of both ROSCA and the FTC Act. *See F.T.C. v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1316 (W.D. Wash. 2024) (quoting *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1016 (9th Cir. 2024)) ("[T]he full context of the transaction is critical[.]"). These Pricing Pages are plainly relevant.

The case law on which the FTC relies does not militate otherwise. In *Umeda v. Tesla, Inc.*, the court refused to take judicial notice of several third-party news sources, which had no relation to a disputed issue, but rather only served to show the undisputed location of evidence. *See* 2020 WL 5653496, at *2–3 (N.D. Cal. 2020). Similarly, in *Oregon Wild v. United States Forest Service*, the party seeking judicial notice did not so much as "explain . . . how the documents at issue . . . were relevant to its claims." 2024 WL 4286965, at *3 (9th Cir. 2024) ("Evidence must be relevant to be admissible. Fed. R. Evid. 402."). Here, by contrast, the subject Pricing Pages are directly relevant to the FTC's allegations that JustAnswer fails to clearly and conspicuously disclose "material terms of the transaction," including membership and price. (Compl. ¶ 93.)

The FTC's citation to *Blye*, 2014 WL 295022, at *2, fares no better. In that case, facts were only relevant due to the argument presented in a request for judicial notice. Here, the FTC itself has encouraged this Court to "review . . .  [JustAnswer's] disclosure[s] in the context of other pricing claims made to consumers." (Opp. at 11 n.8.) The Pricing Pages speak directly to the context the FTC itself has put at issue.

Because the "low bar" for relevance has been met, *Yammine*, 2025 WL 957825, at *2 (quoting *Sandoval*, 985 F.3d at 666), and the FTC "does not dispute the authenticity of the Pricing Page screenshots" (RJN Opp. at 1), JustAnswer respectfully requests that the Court grant its Request and take judicial notice of the two subject Pricing Pages. (ECF Nos. 35-2; 35-3.)

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
REDWOOD CITY, CA

3

DEFENDANT JUSTANSWER LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 3:26-cv-00333-JD

404690552.6

Respectfully submitted,

Dated: May 11, 2026                    MANATT, PHELPS & PHILLIPS, LLP

By:    */s/ Bezalel Stern*
       Kevin P. Dwight
       Bezalel Stern (*pro hac vice*)
       Joshua N. Drian (*pro hac vice*)

       *Counsel for Defendant JustAnswer LLC*

MANATT,
PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
REDWOOD CITY, CA

DEFENDANT JUSTANSWER LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE
Case No. 3:26-cv-00333-JD

404690552.6