SIDLEY AUSTIN LLP
Lauren C. Freeman (SBN 324572)
Lauren F. Trombetta (SBN 353007)
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 772-1200
lfreeman@sidley.com

Benjamin M. Mundel (*pro hac vice*)
Madeleine Joseph (*pro hac vice*)
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736-8000
bmundel@sidley.com
mjoseph@sidley.com

Sarah Carlson (SBN 344266)
12230 El Camino Real, Ste. 300
San Diego, CA 92130
Telephone: (858) 398-0142
sarah.carlson@sidley.com

Attorneys for Defendants JustAnswer LLC and Andrew Kurtzig

HUESTON HENNIGAN LLP
Moez M. Kaba (SBN 257456)
Vicki Chou (SBN 248598)
Joseph Aronsohn (SBN 336538)
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
mkaba@hueston.com
vchou@hueston.com
jaronsohn@hueston.com

Counsel for Defendant JustAnswer LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

JUSTANSWER LLC, an Idaho limited liability company; and ANDREW KURTZIG, individually and as an officer of JUSTANSWER LLC,

Defendants.

Case No. 3:26-cv-00333-JD

**DEFENDANTS JUSTANSWER LLC AND ANDREW KURTZIG'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF**

Complaint Filed: January 13, 2026

Trial Date: November 8, 2027

Judge: Hon. James Donato

Defendants JustAnswer LLC ("JustAnswer") and Andrew Kurtzig ("Kurtzig") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief ("Complaint") filed by Plaintiff the Federal Trade Commission ("FTC"), and assert their defenses, as follows.

All admissions made herein are made as of the date of this filing, unless otherwise stated. Defendants reserve the right to amend or supplement this Answer and their defenses. In collectively admitting an allegation, Defendants do not admit that Kurtzig has personal knowledge about, participated in, or had authority over the admitted subject matter, only that Defendants do not challenge the allegation's accuracy. Defendants reserve the right to seek to amend based on information that becomes available through discovery.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not specifically admitted herein, including any allegation in the Complaint's preamble, unnumbered paragraphs, headings, subheadings, footnotes, figures, and attachments. The headings reproduced below are taken from the Complaint for ease of reference only, and Defendants deny any allegation contained in them. To the extent not expressly denied, all allegations as to which Defendants state that they lack knowledge or information sufficient to form a belief about their truth are denied.

The documents, communications, images, and screenshots quoted, referenced, or reproduced in the Complaint speak for themselves. Defendants deny all allegations and characterizations concerning those materials, respectfully refer the Court to the materials themselves for their complete contents in unmodified form, and reserve all rights with respect to their existence, authenticity, accuracy, and admissibility. Defendants specifically deny that the Figures and Attachments to the Complaint accurately depict JustAnswer's enrollment flow as consumers experienced it. Among other things, Figure I to the Complaint cannot be read as filed—as the FTC has acknowledged, it "appears at a lower resolution than other images" in the Complaint. Dkt. 72 at 13–14.

**ANSWERS TO THE FTC'S SPECIFIC ALLEGATIONS**

Subject to the foregoing and to their defenses, Defendants respond as follows to the numbered paragraphs of the Complaint. The numbered responses below correspond to the numbered paragraphs of the Complaint.

1. Paragraph 1 states the FTC's characterization of the basis for this action and consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the FTC has brought this action and that Paragraph 1 purports to describe the Complaint, deny that they have violated Section 5(a) of the FTC Act or the Restore Online Shoppers' Confidence Act ("ROSCA"), deny that the FTC is entitled to any relief, and otherwise deny the allegations in Paragraph 1.

**SUMMARY OF THE CASE**

2. Defendants admit that JustAnswer operates an online question-and-answer platform that connects consumers with verified professionals ("Experts") in a wide variety of subjects, and that Kurtzig is JustAnswer's founder and Chief Executive Officer. Defendants deny the remaining allegations in Paragraph 2.

3. The allegations in this Paragraph do not fully describe JustAnswer's purchase flow or practices. Defendants deny the allegations in Paragraph 3.

4. The allegations in this Paragraph do not fully describe JustAnswer's purchase flow or practices. Defendants deny the allegations in Paragraph 4.

5. Defendants admit that JustAnswer's customer-service records include contacts coded by category during the period referenced in Paragraph 5. Defendants lack knowledge or information sufficient to confirm the precise figures alleged in Paragraph 5 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 5, including that the existence of such records establishes that JustAnswer's enrollment disclosures were misleading or did not comply with ROSCA.

6. Defendants admit that Paragraph 6 selectively quotes a portion of an internal communication, which speaks for itself, and deny the FTC's characterization of that

communication. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

**JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT**

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit that venue is proper in this District.

10. Defendants admit that, until at least July 2023, JustAnswer's headquarters and principal place of business were located in San Francisco County, California, and that Kurtzig resides in Marin County, California. Defendants do not object to assignment of this action to the San Francisco Division. Defendants otherwise deny the allegations in Paragraph 10.

**PLAINTIFF**

11. Defendants admit that the FTC is an agency of the United States Government created by the FTC Act, 15 U.S.C. §§ 41–58, and respectfully refer the Court to the FTC Act and ROSCA for a full and accurate statement of the FTC's statutory authority. The remaining allegations in Paragraph 11 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 11.

**DEFENDANTS**

**A. Corporate Defendant**

12. Defendants admit that JustAnswer LLC is an Idaho limited liability company, that its headquarters and principal place of business were located at 38 Keyes Avenue, Suite 150, San Francisco, California, until at least July 2023, and that JustAnswer now operates on a substantially virtual basis in the United States with a listed principal place of business at 440 North Barranca Avenue, #7508, Covina, California. Defendants otherwise deny the allegations in Paragraph 12.

13. Defendants admit that JustAnswer has advertised and marketed its question-and-answer platform to consumers throughout the United States, including in this District. Defendants otherwise deny the allegations in Paragraph 13.

**B. Individual Defendant**

14. Defendants admit that Kurtzig is the founder and Chief Executive Officer of

JustAnswer, that he resides in this District, and that he transacts or has transacted business in this District and throughout the United States. Defendants otherwise deny the allegations in Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Kurtzig, as Chief Executive Officer, has certain oversight responsibilities with respect to JustAnswer's business, and otherwise deny the allegations in Paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Kurtzig, as Chief Executive Officer, helps guide certain aspects of JustAnswer's business and strategy. Defendants deny that Kurtzig participated in any unlawful act or practice.

17. Defendants admit that Kurtzig, in the ordinary course of his oversight role, has at various times received and reviewed internal reports and communications addressing customer feedback and website testing, has received consumer correspondence, and in or around July 2022 requested a review of aspects of the purchase flow. Paragraph 17 selectively references portions of documents and communications, which speak for themselves, and Defendants deny the FTC's characterization of those materials. Defendants deny that any presentation, communication, test result, or consumer correspondence establishes that Kurtzig believed that JustAnswer's disclosures were misleading or did not comply with ROSCA, and deny the remaining allegations in Paragraph 17, including subparts (a) through (e).

## COMMERCE AND DEFENDANTS' BUSINESS ACTIVITIES

18. Paragraph 18 states legal conclusions regarding commerce to which no response is required. To the extent a response is required, Defendants admit that JustAnswer has maintained a course of trade in or affecting commerce as defined by Section 4 of the FTC Act, 15 U.S.C. § 44.

### A. JustAnswer's Enrollment and Purchase Flow

19. Defendants admit that JustAnswer operates an online platform that offers consumers the opportunity to ask questions and receive answers from Experts in various subject areas through

online chats or phone calls. Defendants otherwise deny the allegations in Paragraph 19.

20. Defendants admit that a substantial number of consumers who visit JustAnswer's websites arrive by clicking on a search advertisement, are directed to a topic-specific landing page (which may be hosted at justanswer.com or at another domain associated with JustAnswer), and are then directed to a payment form. Defendants deny the remaining allegations and characterizations in Paragraph 20.

21. Defendants admit that some consumers sign up through JustAnswer's homepage or mobile application rather than through a search-advertisement landing page, and that such consumers may encounter a different flow. Defendants lack knowledge or information sufficient to confirm the precise figures alleged in Paragraph 21 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

**2. Search Ads**

23. Defendants admit that Figures A and B to the Complaint depict versions of search advertising that were displayed at some point during the relevant period. Defendants deny that Figures A and B to the Complaint fairly or fully represent all search advertising displayed during the relevant period. Defendants further admit that JustAnswer has purchased sponsored search advertising that directs consumers to landing pages where additional information, including pricing information, is available. Defendants deny the remaining allegations in Paragraph 23.

**3. Landing Pages**

24. Defendants admit that consumers may access JustAnswer landing pages through URLs associated with justanswer.com or other domains associated with JustAnswer. Defendants otherwise deny the allegations in Paragraph 24.

25. Defendants admit that Figure C to the Complaint depicts a version of a desktop landing page that was displayed at some point during the relevant period. Defendants deny that Figure C fairly or fully represents all desktop landing pages displayed during the relevant period, and deny the remaining allegations in Paragraph 25.

26. Defendants admit that Figures C and D to the Complaint depict versions of a landing page, displayed at some point during the relevant period, that show a chat interface featuring "Pearl," JustAnswer's virtual assistant, and that the Pearl chat interface may remain visible as a consumer scrolls. Defendants deny the remaining allegations and characterizations in Paragraph 26.

27. Defendants admit that Figure D to the Complaint depicts a version of a mobile landing page that was displayed at some point during the relevant period in which the Pearl chat interface occupies a substantial portion of the screen. Defendants deny that Figure D to the Complaint fairly or fully represents all mobile landing pages displayed during the relevant period, and deny the remaining allegations in Paragraph 27.

28. Defendants admit that the Pearl chat interface solicits information from consumers regarding the nature of their question. Defendants otherwise deny the allegations in Paragraph 28.

29. Defendants admit that, at various times since January 1, 2022, the Pearl chat interface has informed consumers that they would be directed to a secure form to enroll on JustAnswer's platform, and disclosed the price associated with the join fee (such as $1 or $5). Defendants admit that Figure E to the Complaint depicts a version of a desktop landing page that was displayed at some point during the relevant period. Defendants deny that Figure E to the Complaint fairly or fully represents all landing pages displayed during the relevant period, and deny the remaining allegations in Paragraph 29.

30. The allegations in this Paragraph do not fully describe JustAnswer's purchase flow or practices. Defendants deny the allegations in Paragraph 30.

31. Defendants admit that JustAnswer's monthly membership fees have varied by category and over time, and that the monthly membership fees alleged in Paragraph 31 are generally consistent with fees charged at various points during the relevant period. Defendants admit that a consumer who has paid for a membership in one category may generally ask questions in other categories as well. Defendants deny the remaining allegations and characterizations in Paragraph 31.

32. Defendants admit that Attachment G to the Complaint depicts a version of a landing

page that was displayed at some point during the relevant period. Defendants deny that Attachment G fairly or fully represents all landing pages displayed during the relevant period. Defendants admit that, at various times since January 1, 2022, certain landing pages have included a reference to the monthly membership fee. Defendants deny that the placement of that reference rendered it anything other than clear and conspicuous, and deny the remaining allegations in Paragraph 32.

33. Defendants lack knowledge or information sufficient to confirm the precise scrolling-behavior statistics alleged in Paragraph 33 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that landing page content, including the placement of fee-related information, has been revised from time to time, including at points in 2024. Defendants deny the remaining allegations in Paragraph 34.

**4. Payment Form**

35. Defendants admit that Figure F to the Complaint depicts a version of a payment form that was displayed at some point during the relevant period. Defendants deny that Figure F to the Complaint fairly or fully represents all payment forms displayed during the relevant period. Defendants further admit that, on desktop devices, a payment form has generally been displayed after a consumer's interaction with the Pearl chat interface concludes. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants admit that Figure F to the Complaint depicts a version of a payment form that was displayed at some point during the relevant period. Defendants deny that Figure F to the Complaint fairly or fully represents all payment forms displayed during the relevant period. Defendants admit that the Pearl chat interface may remain visible while a consumer enters payment information, and that a button labeled "Confirm now" or similar has been displayed on the payment form. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants admit that Figure F to the Complaint depicts a version of a payment form that was displayed at some point during the relevant period. Defendants deny that Figure F to the Complaint fairly or fully represents all payment forms displayed during the relevant period and

as depicted, speaks for itself. Defendants deny that the depicted disclosure was false or misleading, and deny the remaining allegations and characterizations in Paragraph 37.

38. Defendants admit that the disclosure text quoted in Paragraph 37 appears on the payment form depicted in Figure F, which speaks for itself, and that the monthly membership fee is displayed in bold type. Defendants deny that the size or placement of the disclosure rendered it anything other than clear and conspicuous, and deny the remaining allegations in Paragraph 38.

39. Defendants admit that Figure G to the Complaint depicts a version of a mobile payment form that was displayed at some point during the relevant period. Defendants deny that Figure G to the Complaint fairly or fully represents all mobile payment forms displayed during the relevant period. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants admit that JustAnswer's Terms of Service have been accessible via hyperlink from the payment form and have contained pricing-related information. Defendants deny that the length or format of the Terms of Service rendered JustAnswer's disclosures inadequate, and deny the remaining allegations in Paragraph 40.

41. Defendants admit that Attachment J to the Complaint depicts a version of a payment form that was displayed at some point during the relevant period. Defendants deny that Attachment J fairly or fully represents all payment forms displayed during the relevant period. Defendants further admit that the content and format of the payment form have changed at various points since January 1, 2022, substantially as reflected in Attachments B, D, F, H, and J. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants admit that Attachment H to the Complaint depicts a version of a payment form that was displayed at some point during the relevant period. Defendants deny that Attachment H fairly or fully represents all payment forms displayed during the relevant period. Defendants further admit that, at some point in late 2022, fee-disclosure information appeared as a subheading above the credit-card entry fields, substantially as depicted in Attachment H, and that by mid-2024 that information appeared in the disclosure text above the "Confirm now" button, substantially as depicted in Figures F and G and Attachments B, D, and F to the Complaint.

Defendants deny the remaining allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

**B. Consumer Complaints and Payment Disputes**

44. Defendants lack knowledge or information sufficient to confirm the subjective beliefs held by unspecified consumers referenced in Paragraph 44 and, on that basis, deny the allegations in Paragraph 44.

45. Defendants admit that some consumers have contacted JustAnswer stating that they did not expect the first monthly membership fee to be charged at the time of enrollment. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants admit that some consumers have disputed membership charges with their banks or card issuers. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants admit that consumers may contact JustAnswer by phone, email, or through the Pearl chat interface, and that consumers have also posted comments about JustAnswer's service on third-party review websites and with the Better Business Bureau. Defendants deny the remaining allegations in Paragraph 47.

48. Paragraph 48 purports to quote from consumer communications, which speak for themselves. Defendants deny the FTC's characterization of those communications and otherwise deny the allegations in Paragraph 48.

49. Paragraph 49 purports to quote from consumer communications, which speak for themselves. Defendants deny the FTC's characterization of those communications and otherwise deny the allegations in Paragraph 49.

50. Defendants admit that JustAnswer's customer-service database includes categories or tags used, among other purposes, to code contacts about membership charges. Defendants lack knowledge or information sufficient to confirm the precise figure alleged in Paragraph 50 and, on that basis, deny it. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants admit that JustAnswer's customer-service database includes categories or tags used, among other purposes, to code contacts about membership charges. Defendants lack

knowledge or information sufficient to confirm the precise figure and guidance language alleged in Paragraph 51 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants lack knowledge or information sufficient to confirm the precise figures alleged in Paragraph 52 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit that Paragraph 53 selectively quotes a portion of an internal communication from in or around July 2022, which speaks for itself, and deny the FTC's characterization of that communication. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit that Paragraph 54 selectively quotes a portion of an internal communication from in or around August 2022, which speaks for itself, and deny the FTC's characterization of that communication. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit that Paragraph 55 selectively quotes a portion of an internal communication from in or around October 2022, which speaks for itself, and deny the FTC's characterization of that communication. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants admit that Kurtzig has, on occasion, received consumer correspondence by direct email and forwarded certain correspondence to customer-service staff in the ordinary course of his oversight responsibilities. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants admit that some consumers have requested refunds after being enrolled in a membership. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants admit that some consumers dispute charges directly with their card issuers. Defendants lack knowledge or information sufficient to confirm the remaining allegations in Paragraph 59, and therefore deny them.

60. Defendants admit that, in 2023, an internal presentation addressing refunds and payment disputes, using data from 2022, was prepared and shared with certain members of JustAnswer's executive team, including Kurtzig, in the ordinary course of business. Defendants deny the remaining allegations and characterizations in Paragraph 60.

61. Defendants lack knowledge or information sufficient to confirm the precise figures alleged in Paragraph 61 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 61.

62. Defendants admit that the presentation referenced in Paragraph 60 included categories for refund requests. Defendants deny the remaining allegations and characterizations in Paragraph 62.

63. Defendants admit that JustAnswer issued refunds to some consumers in 2022 and that refund requests are evaluated individually, which may result in some requests being declined. Defendants lack knowledge or information sufficient to confirm the precise figures alleged in Paragraph 63 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that JustAnswer has used third-party services related to payment disputes and chargebacks, a practice common among merchants that process card payments. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants admit that JustAnswer has participated in card-network dispute-resolution programs, including programs offered by Visa and Mastercard, which are generally available to merchants and used as a standard industry practice. Defendants lack knowledge or information sufficient to confirm the precise figures alleged in Paragraph 65 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 65.

**C. Defendants' Knowledge and Business Practices**

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

**1. Website Testing and Consumer Research**

68. Defendants admit that JustAnswer, like many online businesses, conducts A/B testing as a standard business practice to evaluate the effect of website content on user experience and conversion. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants admit that many of JustAnswer's A/B tests have addressed non-pricing elements of its landing pages, such as images, bullet points, and headline personalization. Defendants deny the remaining allegations in Paragraph 69.

70. Defendants admit that, in or around 2021, JustAnswer tested variations of the Pearl chat interface, including language referencing a monthly plan in addition to a join fee, as part of routine website optimization. Paragraph 70 selectively characterizes the results of that test, which speak for themselves. Defendants deny the FTC's characterization and deny the remaining allegations in Paragraph 70.

71. Defendants admit that JustAnswer has, from time to time, conducted qualitative consumer research, and that some research has included recommendations for potential refinements to messaging. Defendants deny the remaining allegations in Paragraph 71.

72. Defendants admit that the results of the testing and research referenced in Paragraphs 70 and 71 were reported to certain JustAnswer executives, including Kurtzig. Defendants deny the remaining allegations in Paragraph 72.

73. Defendants admit that a customer survey was conducted in or around late 2022 or early 2023. Defendants lack knowledge or information sufficient to confirm the precise figures and quoted responses alleged in Paragraph 73 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 73.

74. Defendants admit that, in or around September 2022, an internal analysis addressing reasons for membership cancellation was conducted. Defendants lack knowledge or information sufficient to confirm the precise findings and characterizations alleged in Paragraph 74 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 74.

75. Defendants admit that, in or around July 2022, at Kurtzig's request, customer-

service employees provided feedback regarding aspects of the purchase flow as part of an ordinary-course business review. Defendants lack knowledge or information sufficient to confirm the precise characterizations attributed to any individual employee and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 75.

**2. Changes to the Purchase Flow**

76. Defendants admit that changes have been made to JustAnswer's website content over time. Defendants deny the remaining allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants admit that Figure H to the Complaint depicts a version of a payment form that was displayed at some point during the relevant period. Defendants deny that Figure H to the Complaint fairly or fully represents all payment forms displayed during the relevant period. Defendants further admit that, at points in 2024, the format and placement of fee-disclosure information on the payment form changed. Defendants deny that Figure I, as filed, legibly or accurately depicts the payment form, and deny the remaining allegations in Paragraph 78.

79. Defendants lack knowledge or information sufficient to confirm the precise complaint-volume data alleged in Paragraph 79 and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants admit that JustAnswer received a Civil Investigative Demand from the FTC in or around February 2023. Defendants deny the remaining allegations in Paragraph 81.

82. Paragraph 82 states a legal conclusion regarding the statutory predicate for this action to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

## VIOLATIONS OF THE FTC ACT

83. Paragraph 83 purports to quote Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which speaks for itself, and states legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute for a complete and

accurate statement of its terms and deny any allegation inconsistent with its text.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

**COUNT I**

**Misrepresentation That Consumers Can Join JustAnswer's Question-and-Answer Service by Paying a Nominal One-Time Fee**

Defendants repeat and reassert their answers to Paragraphs 20 through 81 above as if fully set forth herein.

85. Defendants admit that the Pearl chat interface has informed consumers that they may join JustAnswer for a stated, fully refundable join fee, and that JustAnswer's payment form has disclosed both the one-time join fee and the monthly membership fee before any consumer is charged. Defendants deny the remaining allegations in Paragraph 85.

86. Defendants admit that a consumer who enrolls in a JustAnswer membership is charged a recurring monthly membership fee, and that the amount of the monthly membership fee has varied. Defendants deny the remaining allegations in Paragraph 86.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

**THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT**

88. Paragraph 88 purports to characterize the history and purpose of ROSCA and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Congress enacted ROSCA in 2010, respectfully refer the Court to ROSCA for a full and accurate statement of its terms and purposes, and deny any allegation inconsistent with them.

89. Paragraph 89 purports to quote and characterize Section 4 of ROSCA, 15 U.S.C. § 8403, which speaks for itself, and to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute and deny any allegation inconsistent with its text.

90. Paragraph 90 purports to quote and characterize the Telemarketing Sales Rule's

definition of "negative option feature," 16 C.F.R. § 310.2(w), which speaks for itself, and to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the regulation and deny any allegation inconsistent with its text.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that JustAnswer has offered memberships to consumers and that those memberships renew automatically each month until the consumer cancels, as disclosed on the payment form. Defendants otherwise deny the allegations in Paragraph 91.

92. Paragraph 92 states legal conclusions regarding the interaction of ROSCA and the FTC Act to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited statutory provisions and deny any allegation inconsistent with their text.

## COUNT II

### Failure to Clearly and Conspicuously Disclose Material Terms

Defendants repeat and reassert their answers to Paragraphs 20 through 81 above as if fully set forth herein.

93. Defendants admit that JustAnswer disclosed the price of its membership, the automatically renewing nature of the membership, and the timing of the first monthly membership charge, in the manner and through the disclosures described in Defendants' answers to Paragraphs 20 through 81 above. Defendants deny the remaining allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Paragraph 95 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

## COUNT III

### Failure to Obtain Express Informed Consent

Defendants repeat and reassert their answers to Paragraphs 20 through 81 above as if fully set forth herein.

96. Defendants deny the allegations in Paragraph 96.

97. Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 97.

**CONSUMER INJURY**

98. Defendants deny the allegations in Paragraph 98.

**THIS COURT'S POWER TO GRANT RELIEF AND CIVIL PENALTIES**

99. Paragraph 99 purports to characterize Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), which speaks for itself, and to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute, deny any allegation inconsistent with its text, and deny that any civil penalty is warranted.

100. Defendants deny the allegations in Paragraph 100. Defendants did not violate ROSCA, and at no time did either Defendant have actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that any act or practice alleged in the Complaint was unfair or deceptive and was prohibited by ROSCA.

**RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that the FTC is entitled to any of the relief requested in the Prayer for Relief, including subparts A through D, or to any relief whatsoever, in law or in equity.

**AFFIRMATIVE DEFENSES**

Defendants allege, assert, and state the following as separate and distinct defenses to the Complaint. By alleging these defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them. Defendants reserve the right to seek leave to assert additional defenses that become apparent through discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Due Process – Unconstitutional Vagueness)**

The FTC's claims are barred, in whole or in part, because ROSCA and Section 5 of the FTC Act are unconstitutionally vague as applied by the FTC to Defendants' alleged conduct. ROSCA requires sellers of negative option features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed consent," and provide "simple mechanisms for a consumer

to stop recurring charges." 15 U.S.C. § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous[]," to obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id*. Nor does either statute supply any ascertainable standard for determining how large a disclosure must be relative to other text on the same page, whether terms disclosed immediately adjacent to the button by which a consumer consents must also be repeated on earlier pages of an enrollment flow, or when a truthful statement of one price "contradicts" a truthful disclosure of another. Applying ROSCA and the FTC Act here to prohibit Defendants' alleged conduct violates the Due Process Clause.

**SECOND AFFIRMATIVE DEFENSE**

**(Due Process – Lack of Fair Notice)**

The FTC's claims are barred, in whole or in part, because the FTC failed to provide fair notice that Defendants' alleged conduct violated the law. A fundamental requirement of due process is that individuals receive fair notice of what conduct is forbidden or required. Because the FTC Act is framed in broad terms, the FTC has authority to develop and clarify the meaning of its general prohibitions through rulemaking, agency adjudication, and public guidance, and the FTC Act mandates that the agency "define with specificity acts or practices which are unfair or deceptive." 15 U.S.C. § 57a(a)(1)(B). ROSCA requires sellers of negative option features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed consent," and provide "simple mechanisms for a consumer to stop recurring charges." 15 U.S.C. § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous[]," to obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id*. The FTC failed to provide fair notice to Defendants that it considered design elements like those alleged in the Complaint to be a violation of ROSCA or the FTC Act.

The FTC's theory of liability in this case is novel. The Complaint does not allege that JustAnswer's payment form omitted any material term; it acknowledges that, between the payment fields and the "Confirm now" button, JustAnswer disclosed the one-time join fee, the monthly membership fee (in bold type), that the fee would be charged "today and each month until I cancel,"

and how to cancel. Compl. ¶¶ 37–38. The FTC instead contends that JustAnswer violated ROSCA and the FTC Act because earlier pages did not also state the membership terms, because the join-fee statement appeared in larger type than the membership-fee disclosure, and because a truthful join-fee statement "contradict[ed]" the truthful membership-fee disclosure on the same page. Compl. ¶¶ 23, 29, 32–38, 77, 79. Before this action, the FTC never gave notice—by rule, adjudication, or guidance—that it considered such commonplace design elements unlawful; its prior enforcement actions targeted only false or objectively misleading practices, such as hiding material subscription terms or obstructing cancellation. To the contrary, the FTC's own guidance directed that disclosures "related to the negative option feature" should "appear immediately adjacent to the means of recording the consumer's consent for the negative option feature." Enforcement Policy Statement Regarding Negative Option Marketing, 86 Fed. Reg. 60822, 60825 (Nov. 4, 2021). JustAnswer's payment form did exactly that. Compl. ¶¶ 37–39.

The FTC has repeatedly acknowledged that ROSCA does not impose the requirements it now seeks to enforce. In 2019, it described ROSCA as containing only "general provisions" that "provide[] no details regarding steps marketers must follow to comply." Negative Option Rule, 84 Fed. Reg. 52393, 52395 (Oct. 2, 2019). In 2023, it admitted that "the current framework does not provide clarity about how to avoid deceptive negative option disclosures and procedures" and that negative option offers present "unique challenges . . . even for marketers trying to comply with the law," and it therefore proposed new rules to "[c]omplement[] ROSCA," including "requirements for the location and form of the necessary information in written . . . offers" and a definition of "clearly and conspicuously" as "difficult to miss (i.e., easily noticeable) or unavoidable and easily understandable by ordinary consumers." Negative Option Rule, 88 Fed. Reg. 24716, 24718, 24727 (Apr. 24, 2023). And in adopting the 2024 Rule—since vacated, *Custom Commc'ns, Inc. v. FTC*, 142 F.4th 1060 (8th Cir. 2025)—the FTC stated that the Rule, not ROSCA, would "provide[] clear standards for sellers about . . . the content and timing of important information disclosures." Negative Option Rule, 89 Fed. Reg. 90476, 90518 (Nov. 15, 2024). By proposing rules to "complement" ROSCA, the FTC confirmed that it did not consider such specific requirements to

be imposed by ROSCA's general provisions. Issuance of the requested relief would therefore violate Defendants' constitutional right to fair notice.

**THIRD AFFIRMATIVE DEFENSE**

**(First Amendment)**

The FTC's claims and requested relief are barred, in whole or in part, because they would violate Defendants' First Amendment right to free speech. JustAnswer's enrollment flow communicates truthful information about JustAnswer's service and its price, including the amount of the join fee and the amount and timing of the monthly membership fee. The FTC nevertheless seeks to impose liability, civil penalties, and injunctive relief based on the size, prominence, placement, and sequence of that speech—for example, that the join-fee message appeared in larger type than the membership-fee disclosure, or that the membership-fee disclosure appeared above the "Confirm now" button rather than elsewhere on the page. The FTC might prefer that Defendants change the content of their speech or the way that speech is presented, but the First Amendment prohibits punishing Defendants for truthful commercial communications and forecloses the FTC's effort to restrict commercial speech through vague and subjective standards. Moreover, because the FTC has never specifically identified what JustAnswer would need to do to comply with ROSCA, any injunction would effectively restrain an even broader range of protected speech.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Ongoing or Imminent Violation)**

The FTC lacks a basis to seek injunctive relief under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), because JustAnswer is not violating, and is not about to violate, ROSCA or the FTC Act. Section 13(b) authorizes the FTC to seek an injunction only where a defendant "is violating, or is about to violate" a law the FTC enforces; past conduct alone is insufficient. As the Complaint itself acknowledges, JustAnswer has revised its landing pages and payment form over time, including in 2024. Compl. ¶¶ 34, 41–42, 76, 78. JustAnswer made those revisions as part of its ongoing efforts to improve the customer experience and has no intention of reverting to prior versions of its enrollment flow. Even if any past version of JustAnswer's enrollment flow were

found to be unlawful, there would be no reasonable expectation that the alleged violations will recur and, therefore, no basis for injunctive relief.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The FTC's claims are barred, in whole or in part, by Defendants' good faith and the absence of intentional, reckless, or negligent misconduct. JustAnswer disclosed the join fee, the monthly membership fee, and the recurring nature of the membership on the payment form before any consumer was charged, immediately adjacent to the "Confirm now" button and with the monthly membership fee in bold type, consistent with the FTC's own guidance regarding the placement and prominence of negative option disclosures; and often issued refunds to consumers who requested them—all despite the absence of clear and actionable guidance from the FTC about how to comply with ROSCA. Even if JustAnswer's enrollment flow is found to violate ROSCA (it does not), Defendants lacked actual knowledge, or knowledge fairly implied on the basis of objective circumstances, of any such violation, and no civil penalty may be imposed under 15 U.S.C. § 45(m)(1)(A). And even if Defendants are found to have possessed such knowledge, their good faith and the factors enumerated in 15 U.S.C. § 45(m)(1)(C), including their degree of culpability, would warrant a substantial reduction in the amount of any civil penalty.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The FTC's claims are barred, in whole or in part, by the applicable statutes of limitations. To the extent the Complaint seeks monetary relief under Section 19 of the FTC Act, 15 U.S.C. § 57b, such relief is barred for any alleged violation that occurred more than three years before the filing of the Complaint. 15 U.S.C. § 57b(d). To the extent the Complaint seeks civil penalties, such penalties are barred for any alleged violation that occurred more than five years before the filing of the Complaint. 28 U.S.C. § 2462.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Offsets)**

Any finding of monetary liability, including any award of consumer redress, should be offset to account for (a) amounts JustAnswer has already refunded or credited to consumers, including the refunds described in Defendants' answer to Paragraph 63 above, refunds issued through card-network dispute-resolution programs, and monies paid as part of other litigation or settlements; (b) charges reversed through chargebacks; (c) consumers who cancelled before incurring any monthly membership charge; and (d) the value consumers received from JustAnswer's service, including answers from Experts. Where a consumer received services whose value equaled or exceeded the amount charged, or was satisfied with the membership, there is no loss to be redressed.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

The penalties and fines sought are unconstitutional and excessive under the United States Constitution and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V.

**NINTH AFFIRMATIVE DEFENSE**

**(Major Questions)**

The FTC's claims are barred, in whole or in part, because they seek to radically expand the FTC's power to regulate nearly all ecommerce websites without the approval of Congress. ROSCA's text, structure, and history confirm that Congress did not intend to grant the FTC such sweeping authority, but instead sought to enact a modest statute targeting specific abusive marketing practices. The FTC's proposed interpretation of ROSCA would enable it to unilaterally set granular requirements for ecommerce websites' commercial communications. The major questions doctrine precludes the agency from assuming that authority absent clear statutory authorization.

WHEREFORE, Defendants respectfully request that the Court: (a) dismiss the Complaint

with prejudice; (b) enter judgment in favor of Defendants and against the FTC on all claims; (c) award Defendants their costs and fees, including attorneys' fees, to the extent permitted by law; and (d) grant Defendants such other and further relief as the Court deems just and proper.

Dated: October 5, 2026

SIDLEY AUSTIN LLP

By: /s/ *Sarah Carlson*
Sarah Carlson (SBN 344266)
Benjamin M. Mundel (pro hac vice)
Lauren C. Freeman (SBN 324572)
Lauren F. Trombetta (SBN 353007)
Counsel for Defendants JustAnswer LLC and Andrew Kurtzig

Dated: October 5, 2026

HUESTON HENNIGAN LLP

By: /s/ *Joseph Aronsohn*
Moez M. Kaba (SBN 257456)
Vicki Chou (SBN 248598)
Joseph Aronsohn (SBN 336538)
Counsel for Defendant JustAnswer LLC

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: /s/ *Sarah Carlson*
Sarah Carlson